## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: _____

| | |
|---|---|
| Tyrel D. Sackett,<br><br>      Plaintiff,<br><br>v.<br><br>Anastasi Jellum, P.A.,<br><br>    Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

### INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the

Defendant resides in this District and transacts business in this District.

### PARTIES

4. Plaintiff, Tyrel Sackett (hereinafter "Plaintiff"), is a natural person who resides in the

Township of Johnstown, County of Polk, State of Wisconsin. Plaintiff is a "consumer"

as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Anastasi Jellum, P.A. (hereinafter "Defendant" or "Defendant

Anastasi"), is a mid-size banking and business law firm incorporated under the laws

of the State of Minnesota, is licensed to do business in Minnesota, and has a principal

1

place of business located at 14985 60th Street North, Stillwater, Minnesota 55082. Defendant regularly engages in the collection of consumer debts in the District of Minnesota through the use of mailings and the telephone. Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    In August of 2000, Plaintiff purchased property in Comstock, Wisconsin and financed the property via a home mortgage loan with First National Bank and Trust of Barron.

7.    On March 3, 2006, Plaintiff purchased a mobile home for the aforementioned property and also financed the home via a home mortgage loan with First National Bank and Trust of Barron.

8.    Plaintiff submitted both of his monthly mortgage payments on time throughout the years up until May of 2014, the month in which Plaintiff submitted his last payment.

9.    Plaintiff fell behind on his monthly mortgage payments because they had increased and become too expensive for him to afford given that his only income was his Social Security Disability benefits.

10.   At some point in 2014, First National Bank and Trust of Barron was sold to non-party Central Bank, thereby transferring the security interest previously held by First National Bank and Trust of Barron to Central Bank.

11.   In the months following May 2014, Plaintiff allegedly owed a consumer debt, as that term is defined at 15 U.S.C. § 1692a(5), to Central Bank.

2

12.    At some point prior to February 4, 2015, Central Bank engaged Anastasi Jellum, P.A. to act as its agent in collecting on Plaintiff's alleged debt.

13.    Then, on February 4, 2015, Plaintiff was served with a Summons and Complaint regarding a Wisconsin state court collection/foreclosure action that Central Bank filed against him, the United States of America Department of Housing and Urban Development, John Doe, Mary Roe, and XYZ Corporation, in Polk County Circuit Court.

14.    Central Bank sued Plaintiff to collect the remaining amount owing on his home mortgage loan – $55,837.79, $52,615.48 of which was outstanding principal and $2,829.96 of which was unpaid interest.

15.    Consequently, on May 5, 2015, Defendant Anastasi, on behalf of its client Central Bank, filed a Motion for Default Judgment against Plaintiff, the United States of America Department of Housing and Urban Development, John Doe, Mary Roe, and XYZ Corporation, in Polk County Circuit Court.

16.    As part of the collection action, Defendant Anastasi demanded that Plaintiff owed, and therefore attempted to collect, monies allegedly due for attorney's fees and costs related to the collection efforts regarding Plaintiff's home mortgage account.

17.    Defendant Anastasi sought to recover the $55,837.79 that Plaintiff still owed on his home mortgage loan and also submitted an Affidavit with the court seeking to collect from Plaintiff $13,955.77 for actual costs and disbursements advanced on behalf of Central Bank for its alleged collection efforts.

3

18.   Upon learning that Defendant Anastasi was attempting to collect actual costs and disbursements advanced on behalf of Central Bank in addition to the foreclosure action amount, Plaintiff contacted an attorney at Anastasi Jellum and requested a breakdown of the actual costs and disbursements.

19.   In a letter dated May 5, 2015, Defendant Anastasi contacted Plaintiff by U.S. Mail.

20.   In the May 5 letter, Defendant Anastasi enclosed copies of legal invoices regarding the collection of Loan No. 194303 and the specific amounts that Plaintiff allegedly owed for such collection efforts.

21.   Included in the copies of legal invoices regarding the collection of Loan No. 194303 were a large amount of hourly fees associated with Defendant Anastasi's correspondence with Congressman Sean Duffy, the Wisconsin Attorney General, the Wisconsin Department of Justice, the U.S. Attorney General, and the Department of Housing and Urban Development, all of which are fees for which Plaintiff is not responsible.   The specific dates, tasks, times, and amounts are enumerated below:

| DATE | TASK | TIME | AMOUNT |
|------|------|------|--------|
| 8/28/14 | Work on correspondence to Congressman Duffy. Work on correspondence to Tyrel Sackett. Correspondences to Ann Coates and Ronald Couture regarding review and approval of the same. | 2.33 $290.00/hr | $675.70 |
| 8/29/14 | Receive and review correspondence from Ann Coates regarding approval | 0.17 $290.00/hr | $49.30 |

| | | | |
|---|---|---|---|
| | of letters to Tyrel Sackett and Congressman Duffy. | | |
| 9/3/14 | Receive and review correspondence from Ronald Couture regarding status of review/approval of letters. Correspondence to Ronald Couture regarding the same. Revise correspondences to Tyrel Sackett and Congressman Duffy. | 1.00 $290.00/hr | $290.00 |
| 9/3/14 | Conferences with Ann Coates regarding correspondence to Congressman Duffy. Correspondences with Ann Coates regarding the same. | 0.33 $290.00/hr | $95.70 |
| 9/3/14 | Finalize and coordinate delivery of letters to Tyrel Sackett and Congressman Duffy. Prepare FDCPA and Servicemembers Notice. | 0.50 $140.00/hr | $70.00 |
| 11/14/14 | Receive and review correspondence from Ann Coates. Receive and review correspondence from the Wisconsin Attorney General. Correspondence to Ann Coates regarding the same. Receive and review correspondence from Chris Boumeester regarding response. Correspondence to Chris Boumeester regarding the same. Receive and review correspondence from Ann Coates regarding suspension of foreclosure. Correspondence to Ann Coates regarding the same. | 0.75 $290.00/hr | $217.50 |
| 11/20/14 | Conferences with Ann Coates regarding previous | 3.00 $290.00/hr | $870.00 |

| | | | |
|---|---|---|---|
| | discussions/communications with Tyrel Sackett.  Receive and review correspondence from Ann Coates regarding the same.  Work on correspondence to Wisconsin Attorney General. Correspondence to Ann Coates, Chris Boumeester, and Ron Couture regarding the same.  Receive and review response from Chris Boumeester.  Correspondence to Chris Boumeester regarding the same.  Receive and review correspondence from Ron Couture regarding approval of correspondence to Wisconsin Attorney General. Correspondence to Ron Couture regarding the same.  Coordinate delivery of letter to Wisconsin Attorney General. | | |
| 11/21/14 | Finalize correspondence to Wisconsin Department of Justice and assemble attachments.  Coordinate delivery of the same via regular and certified mail, return receipt requested.  Correspondence to Ann Coates providing copy of the same. | 0.67 $150.00/hr | $100.50 |
| 12/11/14 | Receive and review correspondences from Chris Boumeester regarding status and response from Wisconsin Department of Justice.  Correspondences to Chris Boumeester regarding | 0.50 $290.00/hr | $145.00 |

| | | | |
|---|---|---|---|
| | the same. Receive and review response from Ann Coates. | | |
| 1/15/15 | Work on service issues for Department of Housing and Urban Development. | 0.33 $290.00/hr | $95.70 |
| 1/27/15 | Receive and review correspondence from Ann Coates regarding contact from Wisconsin Department of Justice. Multiple correspondences with Ann Coates regarding the same. | 0.50 $290.00/hr | $145.00 |
| 1/29/15 | Receive and review correspondence from Wisconsin Department of Justice. Correspondence to Ann Coates regarding financial information worksheet. Receive and review correspondence from Chris Boumeester regarding the same. | 0.25 $290.00/hr | $72.50 |
| 2/2/15 | Conference with Natasha Sharp of Wisconsin Department of Justice regarding loan information and foreclosure status. Correspondence to Ann Coates regarding loan history report. | 0.33 $290.00/hr | $95.70 |
| 2/2/15 | Receive and review authenticated Summons and Complaint. Work on and finalize Notice of Lis Pendens and accompanying correspondence. Coordinate delivery of the same to the Register of Deeds via regular mail. Coordinate personal service of Summons, Complaint, and Notice of Lis Pendens via | 2.00 $150.00/hr | $300.00 |

| | | | |
|---|---|---|---|
| | Midwest Legal. Coordinate delivery of Summons, Complaint, and Notice of Lis Pendens to U.S. Attorney General and Department of Housing and Urban Development via certified mail, return receipt requested. | | |
| 2/3/15 | Correspondence to Tyrel D. Sackett providing Loan History Report and coordinate delivery via regular mail. Correspondence to Natasha Sharp at Wisconsin Department of Justice and Ann Coates providing copy of the same. | 0.50 $150.00/hr | $75.00 |

22. Of the $13,955.77 in fees Defendant Anastasi seeks to collect from Plaintiff, $3,297.60 of those fees, listed directly above, are not expressly authorized by the agreement creating the debt or permitted by law.

23. Collection of such amounts for correspondence with the aforementioned entities is not expressly authorized by the agreement creating the debt or permitted by law.

24. Defendant Anastasi violated 15 U.S.C. §§ 1692e(2)(A) and 1692e generally when it falsely represented to Plaintiff and the Court that the amount owing on his alleged debt, Loan No. 194303.

25. Defendant Anastasi violated 15 U.S.C. §§ 1692f(1) and 1692f generally when it used unfair or unconscionable means to collect or attempt to collect an amount from

Plaintiff not expressly authorized by the agreement creating the debt or permitted by law.

26. Defendant Anastasi's illegal collection attempts caused Plaintiff to suffer actual damages in the form of emotional distress, anxiety and mental anguish.

27. As a result of Defendant Anastasi's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, costs, and attorney's fees.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. §1692 *et. seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant Anastasi constitute numerous and multiple violations of the FDCPA as outlined above.

31. Defendant Anastasi falsely represented to Plaintiff the amount owing on his alleged debt, Loan No. 194303, in violation of 15 U.S.C. § 1692e(2)(A).

32. Defendant Anastasi used unfair or unconscionable means to collect or attempt to collect an amount from Plaintiff not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

33.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages and statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Anastasi.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);
- That judgment be entered against Defendant for actual damages;
- That the Court award costs and reasonable attorney's fees from Defendant, pursuant to 15 U.S.C. § 1692k(a)(3); and
- That the Court grants such other and further relief as may be just and proper.

Dated this 20th day of July, 2015.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Hans W. Lodge, Esq.
Attorney I.D. #: 0397012
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
Email: tommycjc@aol.com
Email:  hans@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF WISCONSIN                    )
                                      ) ss
COUNTY OF <u>BARRON</u>                 )

     I, Tyrel Sackett, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                                        s/Tyrel Sackett
                                        Tyrel Sackett

Subscribed and sworn to before me
this <u>17</u><sup>th</sup>  day of July, 2015.


s/Elizabeth Narges
Notary Public